IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAREN AZBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:15-cv-00983 |
| ) | |
| ROBERT WILKIE, Acting Secretary, ) | JUDGE CAMPBELL |
| Department of Veterans Affairs, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. Introduction

Pending before the Court are Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 65); Plaintiff's Response (Doc. No. 70); and Defendant's Reply (Doc. No. 84). For the reasons set forth herein, Defendant's Motion (Doc. No. 65) is **GRANTED,** in part, and **DENIED**, in part.

### II. Factual and Procedural Background

Plaintiff filed the Complaint (Doc. No. 1) in this case, which was originally assigned to Judge Aleta A. Trauger, on September 11, 2015, and filed an Amended Complaint (Doc. No. 17) on February 9, 2016. Through the Amended Complaint, Plaintiff alleged the Secretary of the United State Department of Veterans Affairs ("the VA"), in his official capacity, violated her rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; Title VII of the Civil Rights Act of 1964, 41 U.S.C. §§ 2000, *et seq.*; and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304. Defendant subsequently filed a motion to dismiss the Amended Complaint, which was granted in part and denied in part by Judge Trauger. (Doc. Nos. 31, 32). Judge Trauger granted the motion with regard to Plaintiff's Tennessee Public Protection

Act claim, and with regard to Plaintiff's Title VII claim based on national origin discrimination. Judge Trauger denied the motion to dismiss Plaintiff's ADEA claim on exhaustion grounds. Judge Trauger also granted permission for Plaintiff to file an amended complaint, and on June 29, 2016, Plaintiff filed the Second Amended Complaint (Doc. No. 36). The case was subsequently transferred to the undersigned Judge. (Doc. No. 51). After the case was transferred, Defendant filed the pending motion seeking to dismiss the Second Amended Complaint.

The Second Amended Complaint mirrors the Amended Complaint, except that it deletes the allegations about the Tennessee Public Protection Act, the reference to national origin discrimination in connection with the Title VII claim, and the request for prejudgment interest, and it adds a Title VII retaliation claim.

### III. Analysis

A. The Standards Governing Motions To Dismiss

In considering a motion to dismiss, a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. 129 U.S. at 1950: *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

B. ADEA Claim

Through the pending motion, Defendant seeks, once again, to dismiss Plaintiff's ADEA claim on exhaustion grounds. Plaintiff contends the exhaustion argument was already considered and rejected by Judge Trauger, and alternatively, that her attempts to timely exhaust were thwarted by the VA.

In her Memorandum opinion, Judge Trauger concluded Plaintiff's ADEA claim was timely exhausted based on a letter submitted by Plaintiff in response to Defendant's motion (Doc. No. 28-2), which showed that Plaintiff attempted to contact the Equal Employment Opportunity Commission ("EEOC") within 45 days of her adverse employment action. (Doc. No. 31, at 6). Defendant now argues the letter relied on by Judge Trauger was insufficient to establish timely exhaustion because it was not addressed to the EEO counselor within the VA, as required by 29 C.F.R. § 1614.105(a)(1).

Judge Trauger's decision was issued on May 19, 2016. In the 22 months between the time the decision was issued and the case was transferred to the undersigned, Defendant did not seek reconsideration of the exhaustion ruling from Judge Trauger. In addition, Defendant has not cited any language added in the Second Amended Complaint that would necessitate reconsideration of Judge Trauger's decision.[1] The Court notes the time limits upon which Defendant relies in seeking dismissal are not jurisdictional. *See, e.g.,* 29 C.F.R. § 1614.604(c) ("The time limits in this part are subject to waiver, estoppel and equitable tolling."); *Steiner v. Henderson,* 354 F.3d 432, 435 (6th Cir. 2003) ("Indeed, the forty-five day filing period is not a jurisdictional prerequisite, and can be tolled where principles of equity demand it.") Under these

---

[1] Defendant cites the allegation in the Second Amended Complaint that "all conditions precedent to filing this action have been met." (Doc. No. 36 ¶ 22). That same allegation, however, was made in the Amended Complaint. (Doc. No. 17 ¶ 23).

3

circumstances, the Court declines to reconsider Judge Trauger's decision, and denies Defendant's request to dismiss the ADEA claim on exhaustion grounds.[2]

C. Retaliation Claim

Defendant argues Plaintiff's retaliation claim should be dismissed because it is based on whistleblowing activity, *i.e.,* the reporting of patient abuse, rather than activity protected by Title VII. In her response, Plaintiff indicates her intent to amend her complaint to add a citation to the Whistleblower Act as part of her retaliation claim. After Plaintiff filed her response, however, the Magistrate Judge denied her request to amend her complaint. (Doc. No. 74). Plaintiff has not sought reconsideration of that Order, nor has she appealed it. Plaintiff also contends her retaliation claim is separately based on activity protected by Title VII.

The retaliation allegations in Plaintiff's Second Amended Complaint appear under the heading "Violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 Prohibiting Retaliation," and state, in pertinent part:

> 28. Plaintiff was willfully terminated by Defendant in retaliation for Plaintiff refusing to remain silent about patient abuse that took place at The Department of Veterans' Affairs, Alvin C. York Campus in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000.
>
> 29. The fact that Plaintiff was subjected to increased harassment and groundless disciplinary actions evinces the retaliatory intent on Defendant's part for Plaintiff's refusal to remain silent about patient abuse and the harassing, discriminatory, abusive, and illegal conduct Plaintiff endured while employed with Defendant.

(Doc. No. 36).

---

[2] The Court notes that both parties have filed declarations to support their positions on exhaustion, but neither have addressed the issue of whether the declarations may be considered in ruling on a motion to dismiss based on exhaustion grounds.

Plaintiff's allegations, in their current form, do not mention the Whistleblower Act, and Plaintiff's alleged whistleblower activity is not protected activity under Title VII's retaliation provisions. *See* 42 U.S.C. § 2000e-3; *Brangman v. AstraZeneca, LP,* 952 F. Supp. 2d 710, 721 (E.D. Penn. 2013). Thus, the Court concludes Plaintiff has failed to state a claim for retaliation for her alleged whistleblowing activity.

Plaintiff's retaliation claim can be read, however, to include an allegation that Defendant also retaliated against her for refusing to remain silent about "the harassing, discriminatory, abusive, and illegal conduct Plaintiff endured while employed with Defendant." This allegation of retaliation appears to be separate from, and in addition to, the claim of retaliation for reporting patient abuse. Viewed in the light most favorable to Plaintiff, the Court concludes this allegation sufficiently states a claim for retaliation under Title VII.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is granted in part and denied in part. Plaintiff's retaliation claim based on whistleblowing activity is dismissed. In all other respects, Defendant's motion is denied.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE