# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KAREN AZBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:15-cv-00983 |
| ) | |
| ROBERT WILKIE, Acting Secretary, ) | JUDGE CAMPBELL |
| Department of Veterans Affairs, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. Introduction

Pending before the Court are Defendant's Motion for Summary Judgment (Doc. No. 87); Plaintiff's Response (Doc. No. 94); and Defendant's Reply (Doc. No. 96). The Court held oral argument on the Motion on September 11, 2019. For the reasons set forth herein, Defendant's Motion (Doc. No. 87) is **DENIED**.

### II. Factual and Procedural Background

Plaintiff filed the Complaint (Doc. No. 1) in this case, which was originally assigned to Judge Aleta A. Trauger, on September 11, 2015, and filed an Amended Complaint (Doc. No. 17) on February 9, 2016. Through the Amended Complaint, Plaintiff alleged the Secretary of the United State Department of Veterans Affairs ("the VA"), in his official capacity, violated her rights under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; Title VII of the Civil Rights Act of 1964, 41 U.S.C. §§ 2000, *et seq.*; and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304. Defendant subsequently filed a motion to dismiss the Amended Complaint, which was granted in part and denied in part by Judge Trauger. (Doc. Nos. 31, 32). Judge Trauger granted the motion with regard to Plaintiff's Tennessee Public Protection

Act claim, and with regard to Plaintiff's Title VII claim based on national origin discrimination. Judge Trauger denied the motion to dismiss Plaintiff's ADEA claim on exhaustion grounds. Judge Trauger also granted permission for Plaintiff to file an amended complaint, and on June 29, 2016, Plaintiff filed the Second Amended Complaint (Doc. No. 36). The Second Amended Complaint mirrors the Amended Complaint, except that it deletes the allegations about the Tennessee Public Protection Act, the reference to national origin discrimination in connection with the Title VII claim, and the request for prejudgment interest, and it adds a Title VII retaliation claim.

The case was subsequently transferred to the undersigned Judge. (Doc. No. 51). After the case was transferred, Defendant filed a Motion to Dismiss (Doc. No. 65) seeking to dismiss the Second Amended Complaint. The Court granted dismissal of Plaintiff's retaliation claim based on whistleblowing activity, and denied the Motion in all other respects (Doc. Nos. 85, 86).

Through the pending motion, Defendant seeks summary judgment on Plaintiff's retaliation claim and her age discrimination claim. As noted above, the Court heard oral argument on the pending summary judgment motion on September 11, 2019. For the reasons stated on the record at the hearing, the Court deemed timely Plaintiff's responses to Defendant's requests for admission.

### III. Analysis

#### A. The Standards Governing Motions for Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has construed Rule 56 to "mandate[] the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In considering a motion for summary judgment, a court must draw all reasonable inferences in favor of the nonmoving party. *See, e.g., Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *Shreve v. Franklin County, Ohio*, 743 F.3d 126, 132 (6th Cir. 2014). The court does not, however, make credibility determinations, weigh the evidence, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

**B. Retaliation**

Title VII prohibits retaliation by an employer against an employee who has either: (1) "opposed any practice made an unlawful employment practice by this subchapter," or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). These two provisions are referred to as the "opposition" clause and the "participation" clause, respectively. A plaintiff can establish a Title VII retaliation claim "'either by introducing direct evidence of retaliation or by proffering circumstantial evidence that support an inference of retaliation.'" *Mulvey v. Hugler,* 2018 WL 2771346, at *3 (6th Cir. Apr. 3, 2018) (quoting *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 543 (6th Cir. 2008)). In the absence of direct evidence, a plaintiff must meet the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). *Id.*

To establish a *prima facie* claim of retaliation under this framework, a plaintiff must show: (1) she engaged in activity protected by Title VII; (2) the exercise of her protected rights

3

was known to the defendant; (3) the defendant thereafter took adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *Michael v. Caterpillar Financial Services Corp.,* 496 F.3d 584, 595 (6th Cir. 2007).

Plaintiff also claims she was subjected to a retaliatory hostile work environment. To establish a *prima facie* case on a retaliatory hostile work environment claim, a plaintiff must show: (1) she engaged in activity protected by Title VII; (2) the exercise of her protected rights was known to the defendant; (3) plaintiff was subjected to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the protected activity and the harassment. *Mulvey,* 2018 WL 2771346, at *4. In determining whether the harassment was severe or pervasive, the court is to consider both subjective and objective components: "'the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive.'" *Id.* (quoting *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 463 (6th Cir. 2000)). The court is to consider the totality of the circumstances in making this determination, including the following factors: the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it interferes with the employee's performance. *Id.*

Establishing a *prima facie* case under either claim "creates a rebuttable presumption of discrimination, and the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for taking the challenged employment action." *Id.* If the employer "offers a legitimate reason for its adverse action, the burden shifts back to the plaintiff to prove that this proffered reason was a pretext to hide unlawful retaliation." *Mulvey,* 2018 WL 2771346, at *4. To meet this burden, the plaintiff must show that, "'but for' his protected conduct, his

4

employer would not have taken the adverse action." *Id.* This standard "'requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" *EEOC v. New Breed Logistics,* 783 F.3d 1057, 1066 (6th Cir. 2015) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 133 S. Ct. 2517, 2533, 186 L.Ed.2d 503 (2013)).

Defendant argues Plaintiff cannot establish a *prima facie* case under either claim because she cannot establish the first requirement. Plaintiff cannot show she engaged in protected activity, Defendant argues, because she did not file any EEOC complaints until 2014, if at all. Activity protected by Title VII, however, is not limited to the filing of a formal charge. The Supreme Court has given an expansive definition to the "opposition" clause: "[t]he term 'oppose' being left undefined by the statute, carries its ordinary meaning: 'to resist or antagonize . . . ; to contend against, to confront; resist; withstand.'" *Crawford v. Metropolitan government of Nashville & Davidson Co., Tenn.,* 555 U.S. 271, 276, 129 S. Ct. 846, 172 L.Ed.2d 650 (2009) (citing Webster's New Int'l Dictionary 1710 (2d ed. 1958)). "Consistent with this expansive definition, [the Sixth Circuit has] held that '[t]he opposition clause protects not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices.'" *New Breed Logistics,* 783 F.3d at 1067 (quoting *Laster v. City of Kalamazoo,* 746 F.3d 714, 730 (6th Cir.2014)). Indeed, the Sixth Circuit has held that "a demand that a supervisor cease his/her harassing conduct constitutes protected activity covered by Title VII." *Id.*

In response to the pending motion, Plaintiff has filed an affidavit recounting her experience as a registered nurse employed by the VA from April 2003 until her "forced resignation on or about August 1, 2014." (Doc. No. 94-1 ¶ 3). The affidavit describes the

complaints made by Plaintiff to her supervisors about age-related comments, and other behaviors, over the course of her employment. (*Id.* ¶¶ 7, 9, 12, 15, 18, 19, 30, 31, 32).

At oral argument, Defendant challenged various statements in Plaintiff's affidavit as contradicting certain discovery responses, but has not sought to strike Plaintiff's testimony as a sanction for the alleged discovery violations. Defendant also argues Plaintiff's affidavit is "self-serving" and "not credible" (Doc. No. 96, at 3-4), neither of which provide a basis for the Court to disregard the affidavit in summary judgment analysis.[1] Defendant's argument that "numerous statements" in the affidavit are hearsay fails to cite applicable authority on the issue and apply that authority to particular statements. *See Murphy v. Lazarev,* 653 Fed. Appx 377, 378 (6th Cir. 2016) ("'It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.'") To the extent Defendant suggests Plaintiff's statements regarding her early employment experiences may not be considered, he has failed to cite applicable authority on the statute of limitations and apply that authority to particular statements. In short, Defendant has failed to establish a basis for the Court to ignore the allegations in Plaintiff's affidavit. Therefore, the Court concludes the statements in Plaintiff's affidavit create a genuine issue of material fact she engaged in protected conduct for purposes of her retaliation claim.

## C. ADEA Claim

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In the absence of direct evidence of discrimination, a plaintiff must establish a *prima*

---

[1] Defendant has not deposed Plaintiff so he cannot argue the affidavit contradicts Plaintiff's deposition testimony.

*facie* case of age discrimination by showing: (1) she was at least 40 years old at the time of the alleged discrimination, (2) she was subjected to an adverse employment action, (3) she was otherwise qualified for the position, and (4) similarly-situated non-protected employees were treated more favorably. *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008); *Moffat v. Wal-Mart Stores, Inc.,* 624 Fed. Appx. 341, 345-46 (6th Cir. 2015).

Plaintiff also appears to allege she was subjected to a hostile work environment based on her age. In order to establish a *prima facie* case for this claim, the plaintiff must show: (1) she was 40 years or older at the time of the alleged harassment; (2) she was subjected to harassment, either through words or actions, based on her age; (3) the harassment unreasonably interfered with her work performance and created an objectively intimidating, hostile, or offensive work environment; and (4) there is some basis for liability on the part of the employer. *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir. 1996); *Brown v. Metro. Gov't of Nashville & Davidson Cty.*, 722 Fed. Appx. 520, 525 (6th Cir. 2018). To be actionable, the harassment "must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Crawford,* 96 F.3d at 835. A plaintiff alleging she was constructively discharged, must show "working conditions so intolerable that a reasonable person would have felt compelled to resign." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147, 124 S. Ct. 2342, 159 L.Ed.2d 204 (2004); *Brown,* 722 Fed. Appx. at 525.

If the plaintiff is able to meet this *prima facie* burden, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer articulates such a reason, the burden shifts back to the plaintiff to show that the reason is pretextual. *Id.*

Defendant argues Plaintiff cannot establish she was subjected to harassment based on her age because the statements allegedly made to her were not related to her age or were not sufficiently pervasive. In that regard, Defendant relies on the allegations of Plaintiff's most recent complaint. As stated above, however, Plaintiff has filed an affidavit in response to the pending motion recounting incidents at her workplace during the period from April 2003 until her "forced resignation on or about August 1, 2014." (Doc. No. 94-1 ¶ 3). The affidavit describes numerous age-related comments made to her by both co-workers and supervisors, as well as other behaviors occurring over the course of her employment. (*Id.* ¶¶ 5, 7, 14, 16, 17, 18, 19, 24, 30). As discussed above, Defendant has failed to establish a basis for the Court to ignore these allegations in Plaintiff's affidavit. Therefore, the Court concludes Plaintiff has created a genuine issue of material fact that she was subjected to a hostile work environment based on age.

Defendant also argues Plaintiff cannot establish she was terminated based on her age because she voluntarily retired. Plaintiff argues she did not voluntarily retire, but was constructively discharged – forced to retire – based on the same conduct that supports her hostile work environment claim. Plaintiff also describes disciplinary measures the VA imposed on her that she claims were not imposed on similarly-situated younger employees. All this conduct, according to Plaintiff, eventually led to the forced choice between taking early retirement or being terminated and losing health benefits. (Doc. No. 94-1 ¶¶ 25, 26, 28, 33, 34). Based on these allegations, the Court concludes Plaintiff has created a genuine issue of material fact that she was constructively discharged.

Finally, Defendant argues that, even if Plaintiff can establish a *prima facie* case of age discrimination, the VA had a legitimate, nondiscriminatory reason for taking the actions it took.

Defendant contends the VA was justified in disciplining Plaintiff for eating at her desk.[2] Plaintiff argues Defendant's proffered reason is a pretext for the real reason, which she contends, was age discrimination.

A plaintiff generally can establish pretext by showing that the employer's proffered reason for its actions: (1) has no basis in fact; (2) did not actually motivate the actions it took; or (3) was insufficient to motivate the actions. *Blizzard v. Marion Technical College,* 698 F.3d 275, 285 (6th Cir. 2012); *Moffat,* 624 Fed. Appx. at 347. The first category "includes evidence that the employer's basis for the plaintiff's discharge never happened," and the second category "requires the plaintiff to admit the factual basis underlying the employer's proffered reason and further admit that the conduct could motivate dismissal." *Moffat,* 624 Fed. Appx. at 347. The third category "consists of evidence that other employees, particularly employees outside the protected class, were not disciplined even though they engaged in substantially identical conduct to that which the employer contends motivated its discipline of the plaintiff." *Id.* "At the summary judgment stage, the plaintiff need only rebut the employer's proffered rationales to carry her burden, she need not disprove them." *Id.,* at 348.

In her affidavit, Plaintiff recounts more than one instance of other, younger employees eating at their desks, but escaping discipline. (Doc. No. 94-1 ¶¶ 25, 26, 27). Plaintiff also identifies statements made to her suggesting the proffered reason was not the real reason for the discipline she received. (*Id.* ¶ 29 ("Peggy Stein laughed at me and told me, 'I about got you' as I left for the suspension.'")). Plaintiff also disputes she was actually eating at her desk on the last occasion she was disciplined, and states that she told her supervisor she was not doing so and

---

[2] For factual support, Defendant relies on a policy it has filed as an exhibit and describes as prohibiting employees from eating at their desk. Given the Court's disposition, it is unnecessary to consider whether the policy cited by Defendant has been properly authenticated.

9

submitted statements from three other employees to that effect. (*Id.* ¶¶ 31, 32). Despite the denial, Plaintiff states she was told she would be fired if she did not take early retirement. (*Id.* ¶ 33). Based on these statements, the Court concludes Plaintiff has sufficiently rebutted Defendant's proffered reason to withstand summary judgment.

### IV. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. No. 87) is denied.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE